UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   CV 21-7008 CJC (PVC)                                   Date:  January 18, 2022

Title        Rajohn Charles Douglas, v. Raymond Madden, Warden

Present: The Honorable Pedro V. Castillo, United States Magistrate Judge

| Marlene Ramirez | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None | None |

**PROCEEDINGS:   [IN CHAMBERS] ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT THIS ACTION BE DISMISSED PURSUANT TO THE *YOUNGER* ABSTENTION DOCTRINE**

On August 17, 2021, Petitioner, a California state prisoner proceeding *pro se*, constructive filed a habeas petition pursuant to 28 U.S.C. § 2254. ("Petition," Dkt. No. 1 at 8).[1]  The Petition raises five grounds for federal habeas relief: (1) prosecutorial misconduct, (2) newly discovered evidence would have changed outcome of trial, (3) actual innocence, (4) ineffective assistance of counsel, and (5) "illegal sentence" as a result of the above errors. (*Id.* at 5–6, 33–58). However, it appears that Petitioner's claims are subject to dismissal pursuant to the *Younger* abstention doctrine.

---

[1] Under the mailbox rule, "[w]hen a prisoner gives prison authorities a habeas petition or other pleading to mail to court, the court deems the petition constructively 'filed' on the date it is signed[,]" which in this case was August 17, 2021. *Roberts v. Marshall*, 627 F.3d 768, 770 n.1 (9th Cir. 2010); *see also Houston v. Lack*, 487 U.S. 266, 270 (1988). For ease of reference, when citing to Petitioner's submissions, the Court relies on the CM/ECF-generated pagination on the Court's docket.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-7008 CJC (PVC)                                      Date:  January 18, 2022

Title   Rajohn Charles Douglas, v. Raymond Madden, Warden

### The *Younger* Abstention Doctrine

As a general proposition, federal courts must abstain from enjoining a state prosecution except in exceptional circumstances where the danger of irreparable harm is both great and immediate.  *Younger v. Harris*, 401 U.S. 37, 45–46 (1971); *accord Sprint Commc'n., Inc. v. Jacobs*, 571 U.S. 69, 72 (2013).  This concept is referred to as the doctrine of abstention or the *Younger* doctrine.  Although "application of *Younger* does not lead to the determination that the federal courts have no basis for jurisdiction in the first instance" while state proceedings are pending, "the federal courts have bound themselves pursuant to principles of comity to voluntarily *decline to exercise* jurisdiction that they have and would otherwise exercise."  *Canatella v. State of California*, 404 F.3d 1106, 1116 (9th Cir. 2005).

*Younger* abstention in favor of a state proceeding is appropriate if three criteria are met: (1) the state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to litigate the plaintiff's federal constitutional claims.  *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Kenneally v. Lungren*, 967 F.2d 329, 331–32 (9th Cir. 1992).  However, federal courts will not abstain if the movant can establish that the state proceedings are being undertaken in bad faith or for purposes of harassment, or that some other "extraordinary circumstances" exist, such as where proceedings are being conducted pursuant to a "flagrantly" unconstitutional statute.  *Younger*, 401 U.S. at 49, 53–54.  When a federal court determines that the *Younger* doctrine applies, it must dismiss the pending action without prejudice.  *See Beltran v. California*, 871 F.2d 777, 782 (9th Cir. 1988) ("Where *Younger* abstention is appropriate, a district court cannot refuse to abstain, retain jurisdiction over the action, and render a decision on the merits after the state proceedings have ended.  To the contrary, *Younger* abstention requires *dismissal* of the federal action.").

The paradigm *Younger* problem arises when a state criminal defendant, fearing a violation of his federal constitutional rights in a pending prosecution, petitions a federal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-7008 CJC (PVC)                                   Date:  January 18, 2022

Title   Rajohn Charles Douglas, v. Raymond Madden, Warden

court to restrain the state court from proceeding against him.  *See e.g.*, *Younger*, 401 U.S. at 37; *Page v. King*, 932 F.3d 898, 899–900, 902–03 (9th Cir. 2019) (applying *Younger* doctrine in federal habeas proceeding); *Edelbacher v. Calderon*, 160 F.3d 582, 583–85 (9th Cir. 1998) (same); *Roberts v. Dicarlo*, 296 F. Supp. 2d 1182, 1184–86 (C.D. Cal. 2003) (same).  Federal courts have almost invariably applied the *Younger* doctrine when a decision favorable to the federal litigant in a state court would moot the federal proceeding—*e.g.*, when a federal habeas petitioner still has a direct appeal to his conviction pending in state court.  *See Sherwood v. Tomkins*, 714 F.2d 632, 634 (9th Cir. 1983) ("[E]ven if the federal constitutional question raised by the habeas corpus petitioner cannot be resolved in a pending state appeal, that appeal may result in the reversal of the petitioner's conviction on some other ground, thereby mooting the federal question.").  Further, a federal court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the *judgment* of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added).  As the Supreme Court has instructed, "[f]inal judgment in a criminal case means sentence.  The sentence is the judgment."  *Burton v. Stewart*, 549 U.S. 147, 156 (2007) (citation omitted).

Thus, "in the absence of unusual circumstances, a state prisoner cannot proceed with his § 2254 petition when the state trial court has not yet rendered a decision as to the proper penalty."  *Nowaczyk v. Warden, New Hampshire State Prison*, 299 F.3d 69, 77 (1st Cir. 2002) (citing *Edelbacher*, 160 F.3d at 585).  As the Ninth Circuit held in *Edelbacher*:

> When there is a pending state penalty retrial and no unusual circumstances, we decline to depart from the general rule that a petitioner must await the outcome of the state proceedings before commencing his federal habeas corpus action. … The delay in this case was not extreme, unusual or attributable to the ineffectiveness of the state courts. … As *Younger* makes clear, our federal judiciary, "anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-7008 CJC (PVC)                                          Date:  January 18, 2022

Title        Rajohn Charles Douglas, v. Raymond Madden, Warden

>   ways that will not unduly interfere with the legitimate activities of the States."

160 F.3d at 582–83, 587 (quoting *Younger*, 401 U.S. at 44); *cf. Phillips v. Vasquez*, 56 F.3d 1030, 1031–33 (9th Cir. 1995) (finding "unusual circumstances" where a habeas petitioner's capital conviction was final, but his sentence was still being appealed 15 years after his conviction).

    Here, Petitioner's criminal proceedings in state court are still pending. In 2008, a Los Angeles Superior Court jury, in case number VA103562, found Petitioner guilty of three counts of robbery, in violation of California Penal Code ("P.C.") § 211, and two counts of commercial burglary, in violation P.C. § 459. (Petition at 2); *see People v. Douglas*, No. B288534, 2019 WL 644223, at *1 (Cal. Ct. App. Feb. 15, 2019) ("*Douglas I*") (nonpublished opinion). The trial court sentenced Petitioner to a prison term of 28 years and 4 months. (Petition at 2). The California Court of Appeal affirmed the judgment, and the California Supreme Court denied review. *See* California Appellate Courts Case Information, case nos. B211221 and S174276.[2]

    In 2018, Petitioner filed a petition for review under Proposition 47 to reduce his burglary convictions to misdemeanors, which the trial court denied without holding an evidentiary hearing. *See Douglas I*, 2019 WL 644223, at *1. On appeal, the California Court of Appeal reversed and remanded for an evidentiary hearing. *Id.* At the hearing, the superior court granted Petitioner's petition for review but denied his oral motion to strike the firearm enhancement. *See People v. Douglas*, No. B300438, 2020 WL 3481581, at *1 (Cal. Ct. App. June 26, 2020) ("*Douglas II*") (nonpublished opinion), *review granted* (Sept. 16, 2020). Petitioner appealed from the denial of his motion to

---

[2] The dockets (and some opinions) of the California Courts of Appeal and the California Supreme Court are available at: <https://appellatecases.courtinfo.ca.gov/ index.cfm> ("Cal. Case Info."). *See Porter v. Ollison*, 620 F.3d 952, 955 n.1 (9th Cir. 2010) (taking judicial notice of court dockets, including those available on the internet, from petitioner's state court proceedings).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-7008 CJC (PVC)                                      Date:  January 18, 2022

Title   Rajohn Charles Douglas, v. Raymond Madden, Warden

strike and also requested that the court of appeal strike the prior prison term enhancement pursuant to the recently enacted Senate Bill No. 136.  *See id.*  In June 2020, the California Court of Appeal found no error in the trial court's denial of the motion to strike the firearm enhancement but modified the judgment to strike the one-year prior-prison-term enhancement.  *See id.*  The trial court was directed to prepare an amended judgment reflecting the modification and Petitioner's resulting overall sentence of 27 years and 4 months.  *See id.* at *4.

In July 2020, Petitioner filed a petition for review in the California Supreme Court.  *See* Cal. Case Info., case no. S263396.³  On September 16, 2020, the California Supreme Court granted review on the firearm enhancement issue but deferred further action on the matter pending the disposition of related issues in *People v. Tirado*, S257658.  *See id.*  On October 6, 2020, the California Supreme Court appointed counsel to represent Petitioner on the appeal pending in that court.  *See id.*  The appeal remains pending.  While the pending appeal concerns only his sentence, and Petitioner's habeas petition concerns his conviction, the *Younger* abstention still applies.⁴  Until the California Supreme Court determines whether to strike the firearm enhancement, Petitioner's sentence remains in flux and there is no final judgment as to his conviction and sentence.  *See Burton*, 549 U.S. at 156.

Further, the Petition does not identify any "extraordinary circumstances" that would warrant an exception to *Younger*.  Here, as in *Edelbacher*, there are no "unusual circumstances which might suggest that no end is in sight to the state court proceedings." 160 F.3d at 584 (internal quotation marks omitted).  There have not been large delays between state court actions as in *Phillips*.  *See Hamilton v. Calderon*, 134 F.3d 938, 939

---

³ In addition, beginning in September 2018, Petitioner filed several petitions for habeas corpus relief in the state courts, which were all denied. (*See* Petition at 3–5, 146, 148, 150–51); Cal. Case Info., case nos. B300966, S263814, S263937.

⁴ It appears that Petitioner has exhausted his habeas claims in the state courts. (*Compare* Petition at 5–7, *with id.* at 33–58).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-7008 CJC (PVC)                                                  Date:  January 18, 2022

Title         Rajohn Charles Douglas, v. Raymond Madden, Warden

(9th Cir. 1998) (holding that *Phillips* did not apply because there was no "extreme delay" in the pendency of the petitioner's state sentencing proceedings).  Indeed, once Petitioner first raised the sentencing issues with the state courts in 2018, they moved without unusual delays to address his claims.  "Under these circumstances, the principles of comity strongly suggest that the courts of California be given the opportunity to determine the proper sentence to be imposed upon the petitioner." *Edelbacher*, 160 F.3d at 587.

Accordingly, it appears that Petitioner's claims may be subject to the *Younger* abstention doctrine because his state criminal action is still pending and the other criteria for abstention appear satisfied.  In response to this Order, Petitioner must explain why the elements for *Younger* abstention are not present here, or identify any "extraordinary circumstances" that would warrant an exception to *Younger*.

## Conclusion and Order

Because Petitioner's criminal proceedings are still pending in state court, it appears that the instant claims are subject to dismissal without prejudice pursuant to the *Younger* abstention doctrine.  Petitioner is therefore **ORDERED TO SHOW CAUSE,** within **twenty-one (21) days** of the date of this Order, why this action should not be dismissed without prejudice under *Younger*.  After the Court receives a response to the OSC, the Court will prepare a Report and Recommendation for submission to the District Judge.  This Order is not dispositive of any of Petitioner's claims.

**Instead of filing a response to the instant Order to Show Cause, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a).  A Notice of Dismissal form is attached for Petitioner's convenience.  However, Petitioner is advised that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by AEDPA, which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   CV 21-7008 CJC (PVC)                                  Date:  January 18, 2022

Title          Rajohn Charles Douglas, v. Raymond Madden, Warden

**Petitioner is expressly warned that the failure to timely file a response to this Order will provide a ground for a recommendation that this action be dismissed with prejudice for his failure to comply with Court orders and failure to prosecute.** *See* **Fed. R. Civ. P. 41(b).**  The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.

IT IS SO ORDERED.

|  | 00:00 |
|---|---|
| **Initials of Preparer** | mr |